UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60064-GAYLES

**FELICE DITOMASSO,**
          **Plaintiff,**

    v.

**HOLIDAY CVS, L.L.C.,**
          **Defendant.**
                                          /

## ORDER

**THIS CAUSE** comes before the Court on Defendant Holiday CVS, L.L.C.'s ("CVS") Motion to Dismiss Plaintiff's Complaint or, Alternatively, Motion for More Definite Statement [ECF No. 6]. To date, the Plaintiff has not responded to the Defendant's motion. The Court has reviewed the Complaint, the record in this case, the Defendant's brief, and the applicable law and is otherwise fully advised in the premises.

**I.  BACKGROUND**

On February 19, 2015, Plaintiff Felice Ditomasso visited a CVS store owned and operated by the Defendant at 2 South Federal Highway in Deerfield Beach, Florida, whereupon he tripped over a parking stop and fell to the ground. Compl. ¶ 4-5, 10. He filed a Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, on October 13, 2016, asserting several theories of negligence against CVS. *See id.* ¶ 7. He alleges that, as a result of the trip and fall, he "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." *Id.*

Ditomasso served CVS on November 1, 2016. Notice of Removal ¶ 2. CVS contends that because the Complaint claimed only that the damages sought were in excess of $15,000, it was unable to remove the action to this Court at that time. *Id.* CVS was not able to surmise the true amount in controversy until a hearing held January 10, 2017, during which Ditomasso's counsel identified the citizenship of Ditomasso and claimed that he was unable to determine the amount in controversy because of his inability to calculate the total amount of medical bills for continuing treatment. *Id.* ¶ 9. CVS removed the action to this Court the following day, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332 because the parties are diverse, *see id.* ¶ 24 (explaining that Ditomasso is a citizen of New York and CVS is a limited liability company, the sole member of which is a Rhode Island corporation with its principal place of business in Rhode Island), and because the amount in controversy exceeds $75,000, *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

CVS filed the instant motion to dismiss (or, in the alternative, motion for a more definite statement) on January 12, 2017. Ditomasso's response in opposition was due to be filed by January 26, 2017. To date, no response has been filed and no extension of time has been sought. Under Southern District of Florida Local Rule 7.1(c), this could be sufficient cause to grant the motion by default. *See Young Apts., Inc. v. Town of Jupiter*, 503 F. App'x 711, 726 (11th Cir. 2013) (per curiam); *Arrington v. Hausman*, No. 15-62326, 2016 WL 782416, at *1-2 (S.D. Fla. Feb. 17, 2016). Nevertheless, the Court considers the merits of CVS's motion.

## II.   DISCUSSION

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

The Court need not even reach the substance of Ditomasso's claims. A district court has the *sua sponte* obligation to identify and dismiss a "shotgun" complaint. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126-27 (11th Cir. 2014); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008), *abrogated on other grounds by Iqbal*, 556 U.S. 662. Recently, the Eleventh Circuit outlined four types of these pleadings, all of which require amendment because they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). One type of shotgun pleading "is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Another type "is one that commits the sin of not separating into a different count each cause of action for relief." *Id.* at 1322-23.

Ditomasso's Complaint is simultaneously both of these types of shotgun pleading. It includes

---

[1] CVS's motion is also brought, in part, pursuant to Federal Rule of Civil Procedure 12(e). Because the Court finds that the Complaint should be dismissed, there is no need to recite the legal standard governing such a motion here.

conclusory and vague facts (*see, e.g.*, Compl. ¶ 7(a) ("Failed to maintain proper lighting on the premises"), ¶ 7(b) ("Allowed poor lighting on the premises"), ¶ 7(d) ("Allowed the sidewalk and parking lot to be at the same level with no warning to pedestrians when they were walking on the sidewalk")), and it does not designate any distinct cause of action. Instead, it improperly lumps the factual allegations and legal conclusions together in a single set of paragraphs. *See, e.g.*, *Gates v. Lee Cnty. Sheriff's Dep't*, No. 13-0445, 2013 WL 3353317, at *2 (M.D. Fla. July 2, 2013) ("The Plaintiff must provide support in a statement of facts for the claimed violations and then state in separate numbered counts how [the] Defendant violates [any] rights or laws."). CVS has attempted to untangle Ditomasso's convoluted complaint and separate it into claims for different theories of negligence, but "[w]ith these deficiencies, there is no doubt that no defendant to this action (let alone the Court) can reasonably know what the Plaintiff intends to allege." *Yakoub v. Tradewinds Airlines, Inc.*, No. 16-22244, 2016 WL 4264053, at *3 (S.D. Fla. Aug. 12, 2016) (citation omitted). For this reason alone, the Complaint must be dismissed. The Court need not reach CVS's Rule 12(e) argument.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [ECF No. 6] is **GRANTED**. The Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. If the Plaintiff wishes to file an Amended Complaint, he must do so no later than **March 17, 2017**.

This action is **CLOSED** and all other motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of February, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE